UNIVERSALIST SOCIETY IN SWEDEN *versus* KIMBALL & al. *Executors.*

A testator appropriated and bequeathed a sum of money, of which the interest was to be annually applied toward the support of "Universalist preaching," and directed his executors to pay the fund to the trustees of a Universalist society in the town of S., provided one should be formed within two years from the testator's death, and provided also that an additional *annual* specified sum should be raised and applied from other sources toward the support of such preaching.

The further direction of the will was that, upon a failure in the performance of the foregoing conditions, the fund should go to another Universalist society upon certain prescribed conditions, and that, if the last mentioned conditions should fail to be performed, the fund should be paid *by the executors* to the heirs of the testator; —

*Held,* that the bequest, being for charitable or pious uses, was sufficiently certain in its purposes to be upheld; —

*that* the society, if formed within the two years, would be competent, as *cestuis que trust,* to receive the *benefit* of the fund; —

*that* the *trustees,* whom the society should appoint, and not the *society itself,* were the legatees; — *that they* alone could maintain an action against the executors, for the fund; —

and *that* the requirement to raise and apply the prescribed additional sum annually, was a condition precedent to any claim by the trustees against the executors.

ON REPORT from *Nisi Prius,* HOWARD, J. presiding. The following appear to be the material facts: —

Benjamin Webber, by his last will, appropriated and bequeathed $1000 to be put at interest, the interest to be annually applied toward the support of "Universalist preaching;" and directed his executors to pay over said sum to the trustees of any Universalist society in the town of Sweden, provided such society should be formed within two years after his decease, and provided further that the "additional annual sum of thirty dollars should be raised by subscription or otherwise, and applied to the support of Universalist preaching in said Sweden."

In case of a failure to form such a society in Sweden, or to raise the thirty dollars per annum, then the fund was to go, under certain conditions, to the trustees of a Universalist society in the adjoining town of Lovell, if one should be formed there within two years from the time of such failure ; "the trustees of whichever society may receive said sum, to give a good and sufficient bond to their respective societies to put said sum at interest and to apply the interest and the interest only" to such preaching. Upon failure of all the above conditions, the fund was to be paid *by the executors* equally among the heirs of the testator.

A Universalist society in Sweden was formed within the two years prescribed, though the legality of its formation was questioned.

When this action was brought, a little more than two years from the death of the testator, fifty-four dollars had been obtained by subscription and expended by the society in Universalist preaching, and at the trial six dollars more had, in like manner, been collected and expended.

The defendants are the executors of the will. The fund was demanded of one of them, by the society, but he declined to pay it. Whereupon this action of debt was brought against the executors to compel them to transfer the fund to the society. The case was withdrawn from the jury, and submitted to the Court for a decision according to the legal rights of the parties.

*J. Shepley* and *Littlefield*, for the plaintiffs.

*Clifford* and *Blake*, for the defendants.

HOWARD, J. — The intention of a testator, as expressed in his will, must control its construction. This is settled doctrine, where the intention is consistent with the rules of law, whether it be indicated by technical language, or in terms less appropriate. Though parts of a will be inconsistent with other portions, yet, if the general intention be apparent and sustainable, it must govern, although it exclude a particular intent, mode or object.

The general intention of the testator, in the clause of the will under consideration, is apparent, and is not in conflict with public policy, or the rules of law. It was, in the peculiar language of the 13th clause, to "appropriate and set apart, and give, bequeath and devise the sum of one thousand dollars, to be put at interest, and the interest thereof to be annually applied towards the support of Universalist preaching." This was the general purpose, and in order to effect it practically, the testator proceeded thus, "I hereby direct my executors to pay over said sum to the trustees of any Universalist society in said Sweden, provided any such society shall be formed within two years after my decease, and provided further, the additional annual sum of thirty dollars shall be raised by subscription or otherwise, and applied to the support of universalist preaching in said Sweden."

Assuming that the plaintiffs constitute the society contemplated by the testator, they are not the legatees, or trustees of the sum thus set apart, by his direction, for the purpose declared. They were to receive, upon contingencies, the interest only, of the fund from trustees of their own appointment ; and they were but the *cestui que trust* of the interest, without the right to possess or control the principal. Their right to maintain this action is, therefore, not apparent. But waiving this consideration, and supposing they have all the rights and powers which their trustees could have in this respect, the question arises, whether they are entitled to the bounty of the testator.

The bequest was for charitable or pious uses, and was sufficiently certain in its purposes to be upheld. The executors,

it would seem, were to retain the fund, until the contingencies occurred, upon which they were authorized to pay over to the trustees of the societies mentioned in the will; or until a failure of the conditions upon which the payments were to be made, and then they were to divide the amount among the heirs of the testator. The bequest might be upheld, although the objects of the charity were uncertain, and although the society, for whose use it was designed, was not in existence at the testator's decease. *Attorney General* v. *Oglander,* 3 Bro. C. C. 166; *Attorney General* v. *Wansay,* 15 Ves. 232; 2 Story's Eq. § 1169, 1170; *Inglis* v. *The Sailors' Snug Harbor,* 3 Peters, 114; *Sohier* v. *The Wardens, &c., of St. Paul's Church,* 12 Met. 250.

But the conditions, upon which the plaintiffs were to derive a benefit from the bequest, have not been performed. As it respects them, the bequest was in its nature executory. Yet there is no evidence that they have appointed any trustees, to receive the bounty; nor is the evidence satisfactory that the annual sum of thirty dollars has been raised and applied according to the provisions prescribed in the will. In reference to these, the language used is, "upon a failure of all the above conditions, the above sum of one thousand dollars to be equally divided among my heirs, by my executors." Thus showing that the testator intended, as before suggested, that his executors should retain the amount until the contingencies had occurred upon which the bequest might become absolute to either of the societies, or their trustees, and until, in case of the plaintiffs, the additional annual sum of thirty dollars had been raised within the time specified, and applied "*per annum,*" by an investment, it may be, that would yield that amount yearly, for the purposes mentioned; or until the time had elapsed within which those contingencies could occur, and the heirs might be entitled to a dividend; thus clearly showing that the conditions were precedent, and not subsequent to the payment and reception of the bequest.

Upon the construction of the will contended for by the plaintiffs, they were entitled to the bequest, as soon as the

society had been formed, and the executors were not to be influenced in their proceedings by any failure of the conditions prescribed by the testator. For, after they had legally parted with the fund, and it had been appropriated, their duties and authority in respect to it would have terminated. And thus the plaintiffs would render the bequest unconditional and absolute. This, however, would be opposed to the language of the will, and its import, and in direct conflict with the manifest intention of the testator. *Non voluit et non dixit.*

SHEPLEY, C. J., and TENNEY, WELLS and APPLETON, J. J., concurred. *Plaintiffs nonsuit.*